**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**PHILLIP H. KING, III,**

**Plaintiff,**

v.                                                        **CASE NO. 21-3273-SAC**

**SAMUEL ROGERS, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER
TO SHOW CAUSE**

Plaintiff Phillip H. King, III, a federal pre-trial detainee at the Leavenworth Detention Center in Leavenworth, Kansas ("CCA-Leavenworth") at the time of filing, brings this *pro se* civil rights action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  He proceeds *in forma pauperis*.  For the reasons discussed below, Plaintiff is ordered to show cause why his Complaint should not be dismissed.

**I.  Nature of the Matter before the Court**

Mr. King's Complaint (Doc. 1) takes issue with the medical care he has received while being held at CCA-Leavenworth.  Plaintiff alleges he was told on or about July 9, 2021, that he had tested positive for HIV.  Approximately three months later, he was informed that it was a false positive, and he did not have HIV.  They said they hoped he had not told anyone, and it was "not that big of a deal."   In the interim, Plaintiff had told everyone he knew and been placed on suicide watch for 13 days.  Plaintiff names as defendants Samuel Rogers, Warden of CCA-Leavenworth; Gloria Wiggins, Nurse Practitioner at CCA-Leavenworth; and Rhonda Mundy, Registered Nurse. He seeks $200,000 as compensation for his mental pain and suffering.

1

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff

believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. Discussion

### A. Failure to State a Cause of Action

The first problem with the Complaint is that Plaintiff does not have an established cause of action in federal court against Defendants, who are employed by a private corporation, under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 395–97 (1971). *Bivens* held that "plaintiffs may sue federal officials in their individual capacities for damages for Fourth Amendment violations, even in the absence of an express

statutory cause of action analogous to 42 U.S.C. § 1983." *Id.; Carlson v. Green,* 446 U.S. 14, 18 (1980) (recognizing a parallel cause of action for Eighth Amendment violations).  However, the proper defendant in a *Bivens* action is a federal official or agent, not an employee of a private corporation.  *See Correctional Services Corp. v. Malesko,* 534 U.S. 61 (2001); *Peoples v. CCA Detention Centers,* 422 F.3d 1090, 1101 (10th Cir. 2005) (There is no right of action for damages under *Bivens* against employees of a private prison for alleged constitutional deprivations, when alternative state causes of action for damages are available to the plaintiff.).  Kansas law, on the other hand, provides a remedy in state court against private tortfeasors for actions amounting to negligence.  *See Peoples,* 422 F.3d at 1105.  Plaintiff will be given time to show cause why this action should not be dismissed for failure to present a cause of action in federal court under § 1331 and *Bivens.*

### B.  Failure to State a Federal Constitutional Claim

The Court also finds that the facts alleged by Plaintiff, taken as true, fail to state a claim of a federal constitutional violation.  Plaintiff does not specify which of his federal constitutional rights was allegedly violated.  He is most likely attempting to state a claim of cruel and unusual punishment under the Eighth Amendment.  The United States Supreme Court has held that an inmate advancing a claim of cruel and unusual punishment based on inadequate provision of medical care must establish "deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).  The "deliberate indifference" standard has two components: "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that [prison] officials act with a sufficiently culpable state of mind." *Miller v. Glanz,* 948 F.2d 1562, 1569 (10th Cir. 1991); *Martinez v. Garden,* 430 F.3d 1302, 1304 (10th Cir. 2005).

To satisfy the objective component, the inmate must show the presence of a "serious medical need," that is "a serious illness or injury." *Estelle,* 429 U.S. at 104, 105; *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). A medical need is sufficiently serious if "it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005). "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Martinez,* 430 F.3d at 1304 (citing *Sealock v. Colorado,* 218 F.3d 1205, 1209 (10th Cir. 2000) (quotation omitted)). In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 1305 (citing *Riddle v. Mondragon,* 83 F.3d 1197, 1204 (10th Cir. 1996) (quotation omitted)).

It is well-settled that deliberate indifference requires more than mere negligence. *See Farmer,* 511 U.S. at 835. Thus, the complaint that a physician, or other medical staff member, was negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. *Estelle,* 429 U.S. at 106; *Wilson v. Seiter,* 501 U.S. 294, 297 (1991). As the United States Supreme Court has explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind...." Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.

*Estelle,* 429 U.S. at 105–106 (footnote omitted).

In this case, Mr. King has not described acts or omissions by particular personnel that were sufficiently harmful, cruel or prolonged so as to support a claim of deliberate indifference. Plaintiff alleges that he was told his test for HIV returned a false positive result. There is no indication in Plaintiff's allegations that anyone acted deliberately to create the false positive test result or

intentionally lied to Plaintiff. While there might have been negligence in processing Plaintiff's sample or a mistake made in some other regard, that does not suggest deliberate indifference. *See Cummings v. Ellsworth Corr. Facility*, 511 F. App'x 808, 811 (10th Cir. 2013) (holding a misdiagnosis of TB and administration of mandatory TB medication following a false positive test result did not constitute deliberate indifference where there was no allegation that any defendant knowingly or recklessly misdiagnosed the plaintiff or administered medication knowing he had been misdiagnosed).

The Court finds that Plaintiff has thus failed to state facts sufficient to support a plausible claim of cruel and unusual punishment. Plaintiff is given time to show cause why this action should not be dismissed for failure to state a claim in federal court of a federal constitutional violation.

### C. Failure to Alleged Physical Injury as Required to Recover Damages

Plaintiff seeks damages for "emotional and mental stress." Plaintiff's request for damages is barred by 42 U.S.C. § 1997e(e) because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). "[A]lthough mental and emotional distress can constitute a compensable injury in suits for damages under 42 U.S.C. § 1983 based upon violations of constitutional rights, § 1997e(e) provides that such a suit cannot stand unless the plaintiff has suffered a physical injury in addition to mental or emotional harms." *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 807 (10th Cir. 1999) (quotation marks omitted) (quoting *Zehner v. Trigg*, 133 F.3d 459, 461 (7th Cir. 1997)). Plaintiff's claim is therefore subject to dismissal.

### D.  Failure to Allege Personal Participation of Defendants

An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based.  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997).  Conclusory allegations of involvement are not sufficient.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").  As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated Plaintiff's federal constitutional rights.  Plaintiff explains the basis of his Complaint in general terms but fails to describe specifically what actions each defendant took, making his Complaint deficient for this reason as well.

## VI.  Response Required

For the reasons stated herein, it appears that Plaintiff's Complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.  Plaintiff is therefore required to show good cause why his Complaint should not be dismissed.  Plaintiff is warned that his failure to file a timely response may result in the Complaint being dismissed for the reasons stated herein without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **March 3, 2022**, in which to show good cause, in writing, why his Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

DATED:  This 31st day of January, 2022, at Topeka, Kansas.

<u>**s/ Sam A. Crow**</u>
**SAM A. CROW**
**U.S. Senior District Judge**